IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

ALLEN NEELY CAFFEY,

Plaintiff.

KENNETH R. BRILEY, Warden
DONALD N. SNYDER, Jr., Director
of the Illinois Department of
Corrections,

Defendants.

RECEIVED
DEC 04 2001
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

DOCKETED
DEC 0 5 2001

01C09268
JUDGE DARRAH
MAGISTRATE JUDGE ASHMAN

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO

28 USC § 2254, TAKEN BY PERSON IN STATE CUSTODY

No.

Before this court, Allen Neely Caffey, seeks writ to appear before this Honorable Court on this Habeas Corpus Petition filed pusuant to 28 USC § 2254, where he is unlawfully being restrained of his freedom and the guarantees of our Constitution which prohibits the unlawful imprisonment of persons who's innocence has been demonstrated and where the previous proceedings in which guilt or innocence was determined depended solely upon insufficient evidence to convict beyond a reasonable doubt.

## BACKGROUND

Plaintiff, Allen Caffey, was originally charged in a twenty-nine count indictment with the offenses of first degree

murder (10 counts), attempt first degree murder (2 counts), conspiracy to commit first degree murder (2 counts), home invasion (2 counts), aggravated battery with a firearm (2 counts), arm violence (1 count), residential burglary (3 counts), aggravated battery (4 counts), aggravated unlawful restraint (1 count), and aggravated assault (2 counts), all arising out the October 9, 1990, crimes where Alfred Weeden's dwelling was entered, and the subsequent shooting deaths Bryant Johnson and Keith Whitfield, and the wounding of Keith McGee and Melvin Harvey.

Eventually 24 of the 29 counts were nolle prossed, leaving Caffey to stand trial on the remaining 5 counts, (2 counts of first degree murder, 2 counts of attempt first degree murder and home invasion). On March 3, 1993, a jury trial commenced before the Honorable Edward M. Fiala, Jr, and at the conclusion of trial on March 5, 1993, Allen Caffey was found guilty of all counts. On April 19, 1993, Caffey was sentenced to spend the rest of his natural life in prison where he received a sentence of two terms of natural life, and three terms of 30 years, all sentences to run concurrently.

On direct appeal, Caffey contended that he was not proven guilty beyond a reasonable doubt of any of the offenses. In an unpublished order dated November 9, 1994, the Ill. App. Ct affirmed Allen Caffey's conviction and sentences, No. 1-93-1823 (November 9, 1994). The Illinois Supreme Court subsequently denied his petition for leave to appeal. People v. Caffey, 161 Ill.2d 531, 649 N.E.2d 419 (1995).

Caffey filed pro se petitions for post-conviction

relief in 1996 and 1997, alleging ineffective assistance of both trial and appellate counsel, but both were denied and appeals proved unsuccessful as well. On August 19, 1998, Caffey filed post-conviction (3), pointing to newly discovered-- evidence, the testimony of Keith McGee, one of the victims in this case, who obviously observed firsthand the tragic events of October 9, 1990. On August 27, 1998, the trial court summarily dismissed Allen Caffey's petition. Caffey thereafter filed a timely notice of appeal. On December 23, 1999, the Illinois Appellate Court denied Caffey's appeal (No. 1-98-3940). Caffey then sought leave to appeal in the Illinois Supreme Court and on November 29, 2000, the Ill. S.Ct denied Caffey's petition. There is no other proceedings currently pending, no coram nobis or other habeas corpus petitions have been filed.

### GROUNDS

Petitioner, Allen Caffey, is unlawfully being held in violation of the 5th and 14th Amendment to the United States Constitution. Allen Caffey, having presented before this Honorable Court the affidavit of Keith McGee, a victim as well as a witness to the October 9, 1990, crimes that Caffey is unlawfully imprisoned on demonstrates by clear and convincing evidence that Caffey is actually innocent of the crimes committed against him and his friends. It is established through Keith McGee's testimony that Mr. McGee has never been afforded an opportunity to be present at the trial of Caffey and had he been giving the opportunity or his rights as a victim to be notified of the proceedings as well as the opportunity to testify at trial, he would have testified before the court,

(3)

the trier of fact, that Caffey was not present at the crime scene nor did Caffey participate in any crimes committed against him. Petitioner states that the burden was on the state to acknowledge and afford this victim his rights, and had only the state done so, Mr. McGee, would have exonerated Caffey by informing the trier of fact that they were about to judge a innocent person. Therefore, the outcome would have been different, where no rational trier of fact would have found Caffey guilty beyond a reasonable doubt of committing a crime against McGee when McGee would have established Caffey's innocence.

Fundamental fairness requires a reversal of Caffey's conviction and to vacate his sentence or at the very least allow a trier of fact an opportunity to learn of this compelling evidence of Caffey's innocence. It is clearly contrary to the natural demands of justice to continue the imprisonment of Caffey for allegedly committing crimes against Keith McGee, when McGee himself has established Caffey's innocence. The remarkable discovery of the new evidence of Mr. McGee's testimony has been brought to the attention of the trial court that imposed the two natural life sentences to be served concurrently with three terms of thirty years, but after a review of the evidence the trial court dismissed Caffey's post-conviction petition where the court stated " I'm well aware of this particular case, this court finds this petition is frivolous and without merit and is denied ". The Illinois Appellate Court for the first time was also made aware of the testimony of Keith McGee and after a review of the evidence in the light most favorable to the state, the Illinois Appellate Court

(4)

overlooked the evidence and the position the state took to secure this conviction. the evidence was clearly insufficient and therfore, the Ill App.Ct should be so advised of their mis-application of the state's evidence. The appellate court affirmed the trial court's decision, as well as affirmed the conviction and sentence upon Caffey and in support of their decision, the appellate court considered the testimony of state's witness Lamont Baxter where it was alleged that Caffey unlawfully held Baxter at gun point against his will and conspired with co-defendants on committing home invasion upon the 5616 S. Calumet, premise of Alfred Weeden as well as a conspiracy to committ first degree murder of Keith Whitfield and Bryant Johnson and attempt murder of Melvin Harvey and Keith McGee. Obviously the Illinois Appellate Court never considered that the charges accusing Caffey of committing an Aggravated Unlawful Restraint upon Lamont Baxter and Conspiracy to Commit First Degree Murder was once apart of the original charging instrument/elements of the crime, but were nolle prossed on March 3, 1993, the first day of trial, where the prosecution did not wish to bear the burden of proving beyond a reasonable doubt that Caffey committed such criminal acts. Furthermore, the 5th Amendment to the U.S. Constitution prohibits persons from being held to answer to capital or otherwise infamous crimes unless on a presentment or indictment of a grand jury, nor shall be subject for the same offense to be twice put in jeopardy of life or limb. Also the 14th Amendment to the U.S Constitution prohibits any state from depriving any person of life, liberty, or property, without due process of law. Since the charges accusing Caffey of allegedly committing a aggravated unlawful restraint upon Lamont Baxter, and conspiracy

to commit first degree murder were nolle prossed, no conviction shall be sustained where the accusations from the nolled charges are relied upon as elements of the crime without proof beyond a reasonable doubt. Nor shall any person be forced to bear the heavy burden of having to disprove such accusation that are no longer apart of the charging instrument, nor elements if the crime. Unfortunately, that is the position that Caffey is forced to be in, where as the only way that he can establish his innocence and none involvement; he will first have to defend against and dispove the accusations that he unlawfully held Lamont Baxter at gun point and against his will and that he did not conspire to commit murder, being that those accusations are what the Ill App. Ct has relied upon to sustain Caffey's conviction.

At the 1993 trial, accountability was attached to each of the five charges that Caffey stood trial for where the state moved for a conviction on a theory of " Accountability to the felony murder doctrine ". The state did not bear the burden of having to prove that caffey himself committed the two counts of first degree murder, the two counts of attempt first degree murder and the home invasion. The state argued and instructed the jury that under the felony murder doctrine, all that is required to prove is that Caffey committed the Home Invasion and therefore, Caffey is responsible for the murders, but on the other hand, the state does not have to prove that a person pulled the trigger, that they were armed or that they were even there ( trial records F-7, F-17). The state used the accusation that Caffey allegedly used force upon Lamont Baxter and the common design/planning of the murders to hold Caffey accountable for the charges that Caffey

stood trial for. Allen Caffey, wishes for this Honorable Court to please consider the testimony of the victim Keith McGee, who can undoubtedly demonstrate Caffey's innocence. Therefore, Please reverse this conviction and vacate this sentence, where Allen Caffey, is unlawfully being held in prison and has been unlawfully been held since the age sixteen. Allen Caffey, prays to this court for his immediate release, his freedom.

Thank you in advance. Sincerely,

/s/ Allen Caffey

Please find attached to this Habeas Corpus Petition, a copy of the Affidavit/ Testimony of Mr. Keith McGee. See as appendix-A.

### Affidavit of Affirmation under Penalty of Perjury

I, Allen Caffey, affiant, do hereby declare and affirm under penalty of perjury as defined in 735 ILCS 5/1-109, that everything contained herein is true and accurate to the best of my knowledge and belief. Finally, I further declare that the matter at hand is not frivolous or malicious and I believe the foregoing matter is taken in good faith.

Signed on this 27 day of November 2001.

/s/ Allen Caffey

State of Illinois  }
County of Will    } SS

## AFFIDAVIT

I Keith McIlee being Sworn Under Oath states the following.

1. That I am a victim of a fatal shooting that occured Oct. 9, 1990.

2. That I believe a innocent man Allen Caffey is being wrongly accused. Convicted for the shooting that occured that night.

3. That Allen Caffey Indictment number 90CR29385 had absolutely nothing to do with that incident.

4. That I am a witness and did not see Allen Caffey present that night. Allen Caffey did not shoot me or any of my friends.

5. That I have not had a opportunity to testify in his case and the only time I was questioned was when I was in the hospital in some what of a shock.

If called to testify I will state the following. Allen Caffey is innocent.

Keith McIlee
/S/

Subscribed and sworn to me before this 29th day of July 1998.

_____
Notary Public

-A-5-

"OFFICIAL SEAL"
TONNE FLOWERS
Notary Public, State of Illinois
My Commission Expires 2/28/01