# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 9268 | DATE | 2/11/2003 |
| CASE TITLE | USA ex rel Allen Caffey vs. Kenneth Briley | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Respondent's Motion to Dismiss (R. 11-1) is granted and this case is dismissed with prejudice. This is a final judgment and the clerk of the court is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | Document Number |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | FEB 12 2003 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| ✓ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | date mailed notice |
| TH✓ | courtroom deputy's initials | Date/time received in central Clerk's Office |  mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. ALLEN CAFFEY (#B42191),<br><br>Petitioner,<br><br>v.<br><br>KENNETH R. BRILEY, Warden,<br>Stateville Correctional Center,<br><br>Respondent. | Case No. 01 C 9268 |

**DOCKETED**

FEB 1 2 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge,

Before this court is Petitioner Allen Caffey's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss Caffey's petition as time-barred. Petitioner was given leave to file an amended petition on or before October 8, 2002, but failed to file an amended habeas petition as allowed. For the following reasons, Respondent's Motion to Dismiss is granted.

### I. PROCEDURAL BACKGROUND

Under 28 U.S.C. § 2254(e)(1), unless a petitioner provides clear and convincing evidence to the contrary, a determination of a factual issue by a state court is presumed correct for the purposes of habeas review. *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). Caffey has not presented clear and convincing evidence rebutting the presumption of factual correctness. Therefore, this Court will adopt the Illinois Appellate Court's recitation of the facts in *People v. Caffey*, No. 93-1823 (unpublished order).



## A. Conviction and Direct Appeal

After a jury trial in the Circuit Court of Cook County, Caffey was found guilty of two counts of first degree murder, two counts of attempt first degree murder, and one count of home invasion. The court sentenced Caffey to two terms of natural life imprisonment for the murder convictions, two terms of 30 years each for the attempt murder convictions, and one term of 30 years for the home invasion conviction, all sentences to be served concurrently. The Illinois Appellate Court affirmed Caffey's conviction and sentences on November 9, 1994, and the Illinois Supreme Court denied his petition for leave to appeal on April 5, 1995.

## B. Post-Conviction Petitions

On June 6, 1996, Caffey filed his first post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act. On July 8, 1996, the trial court denied that petition. On November 15, 1996, Caffey filed a combined motion for leave to file a supplemental post-conviction petition and for the appointment of counsel. The trial court denied this motion on January 22, 1997. On August 15, 1997, the Illinois Appellate Court dismissed Caffey's appeal for want of prosecution.

Meanwhile, Caffey filed his second post-conviction petition on March 14, 1997, which the trial court denied on April 17, 1997. On appeal, the Cook County Public Defender appointed to represent Caffey's in the case filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551(1987). Caffey thereafter filed a pro se response. On March 6, 1998, the Illinois Appellate Court granted the public defender's motion for leave to withdraw as counsel and concluded that Caffey's second post-conviction petition was untimely. Caffey unsuccessfully filed a petition for rehearing of this order. Last, it appears that Caffey did not file a petition for

2

leave to appeal to the Illinois Supreme Court.

Undeterred, Caffey filed his third post-conviction petition on August 12, 1998. Approximately two weeks later, the trial court dismissed this third petition as frivolous and without merit. The appellate court affirmed the trial court on December 23, 1999. Caffey then filed a petition for rehearing on February 22, 2000. On June 16, 2000, the appellate court denied the petition for rehearing. Finally, Caffey filed a petition for leave to appeal the Illinois Supreme Court, which the court denied on November 29, 2000. On November 27, 2001, Caffey filed the present habeas petition with this court.

## II. ANALYSIS

A federal habeas petitioner seeking relief from a state court criminal conviction has one year from the date his conviction became final, or the expiration of the time for seeking such review, in which to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A).[1] Excluded from this one year limitations period is the time during which a "properly filed" application for post-conviction review is pending in state court. *Brooks v. Walls*, 279 F.3d 518, 520-21 (7th Cir. 2002). In Illinois, if a state court concludes that a post-conviction petition is untimely, that petition is not "properly filed", and thus, the one year limitations period is not tolled during the pendency of that petition. *Gray v. Briley*, 305 F.3d 777, 779 (7th Cir. 2002).

At first glance, it appears that Caffey filed his federal habeas petition within the proscribed year with two days to spare. His petition for leave to appeal to the Illinois Supreme

---

[1] The Illinois Supreme Court denied Caffey's petition for leave to appeal from his direct appeal on April 5, 1995, making his appeal final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Accordingly, Caffey is subject to the one year grace period as recognized in *Lindh v. Murphy*, 96 F.3d 856, 865-66 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997).

3

Court on his third post-conviction petition was denied on November 29, 2000, and given the benefit of the "mailbox rule," he filed his federal habeas petition to this court on November 27, 2001. Respondent argues, however, that Caffey's federal habeas petition is time-barred because Caffey's second post-conviction petition in the Illinois courts was found untimely, and thus, the time during the pendency of his second petition was not tolled.

Indeed, when reviewing Caffey's second post-conviction petition, the Illinois Appellate Court concluded Caffey's petition was untimely under the Illinois Post-Conviction Hearing Act and his allegations provided no basis to grant the relief requested. Based on Caffey's failure to pursue appellate review on his original post-conviction petition or show that the proceedings were fundamentally deficient in his supplemental petition, the court concluded that Caffey's claims were barred by either the doctrines of res judicata or waiver.

Although the Illinois appellate court made findings based on the merits and other state procedural bars in addition to its untimeliness finding, the Seventh Circuit has recently concluded that if there is a clear ruling from the state court that a petition is untimely, the petition is not "properly filed" even if the court also addressed the merits of the claim. *Brooks v. Walls*, 301 F.3d 839, 842 (7th Cir. 2002) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)); *see also Gray*, 305 F.3d at 779 (dual-ground rejection of post-conviction petition does not toll limitations period).

Therefore, the time during Caffey's untimely second post-conviction petition – almost an entire year – cannot be tolled. With only two days to spare, an additional 357 days means that Caffey's habeas petition was not filed within the one year limitations period. As such, his federal habeas petition is time-barred.

### III. CONCLUSION

Respondent's Motion to Dismiss [R. 11-1] is granted and this case is dismissed with prejudice. This is a final judgment and the clerk of the court is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

DATED: February 11, 2003                ENTERED

                                        _____
                                        AMY J. ST. EVE
                                        United States District Court Judge