# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9268 | **DATE** | 5/15/2003 |
| **CASE TITLE** | United States of America ex rel. Allen Caffey (#B-42191) vs. Kenneth Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Caffey's motion to reconsider the Court's February 11, 2003 order dismissing his habeas petition with prejudice is denied [R 22-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAY 16 2003 | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED | date mailed notice | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

MAY 1 6 2003

United States of America ex rel. )
ALLEN CAFFEY (#B-42191), )
 )
       Petitioner, )
v. ) Case No. 01 C 9268
 )
 ) The Honorable Amy J. St. Eve
KENNETH R. BRILEY, Warden, )
Stateville Correctional Center, )
 )
       Respondent. )
 )

## MEMORANDUM, OPINION, AND ORDER

AMY J. ST. EVE, District Judge,

Petitioner Allen Caffey, through counsel, brings this Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) asking the Court to reconsider its February 11, 2003, order dismissing Caffey's pro se habeas petition with prejudice. For the following reasons, Caffey's Motion for Reconsideration is denied.

### I. PROCEDURAL BACKGROUND

This case was reassigned from Judge John W. Darrah to this Court on August 30, 2002. Prior to reassignment, petitioner's attorney made an appearance at a status hearing before Judge Darrah. Judge Darrah continued the status hearing to October 8, 2002, and also gave petitioner leave to file an amended petition on or before October 8, 2002. After the case was reassigned, Judge Darrah struck the status hearing set for October 8, 2002. Judge Darrah, however, did not strike the October 8, 2002 deadline for petitioner to file his amended petition.



Although counsel asserts that he thought the Court was going to hold a status hearing, he does not explain why he did not file an amended petition on or before October 8, 2002 as previously directed. Instead, counsel states that he wanted to file a response to the State's motion to dismiss. Nevertheless, counsel did not inform this Court of his intentions, did not file a response to the State's motion, did not request a status hearing and did not file an amended petition.

In the February 11, 2003 order, the Court granted the State's motion to dismiss Caffey's habeas petition because Caffey did not file his petition within the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(A). The Court concluded that Caffey's second post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act was not properly filed, and thus, the time during the pendency of this petition did not toll the federal habeas limitations period. *See Gray v. Briley*, 305 F.3d 777, 778-79 (7th Cir. 2002) (only properly filed Illinois post-conviction petitions toll federal habeas statute of limitations).

In his Motion for Reconsideration, Caffey argues that the Court erred in its conclusion that his claims were time-barred under the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

## II. DISCUSSION

Federal Rule of Civil Procedure 59(e) serves the limited function of allowing courts to correct manifest errors of law or fact or consider newly discovered material evidence. *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000); *see also Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (manifest error is the wholesale disregard, misapplication, or failure to recognize controlling precedent). Rule 59(e)

enables the district court to correct its own errors thereby avoiding unnecessary appellate procedures. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). However, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.* Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

A habeas petitioner seeking collateral relief from the federal courts must file his federal habeas petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1); *Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2001).

In his Motion for Reconsideration, Caffey claims that he has newly discovered evidence of his actual innocence.[1] Caffey argues that the one-year limitations period began to run on the

---

[1] The court notes that a claim of actual innocence is not cognizable on habeas review unless the claim has an additional and independent constitutional violation occurring in the underlying state proceeding. *See Herrera v. Collins*, 506 U.S. 390, 400, 404 (1993). Under Illinois law, however, a claim of actual innocence is cognizable in a post-conviction petition. *See People v. Washington*, 171 Ill.2d 475, 489 (1996) (as a matter of Illinois constitutional

3

date of his possessing the evidence of his actual innocence under to § 2244(d)(1)(D). Caffey, therefore, contends that § 2244(d)(1)(D) triggered a new limitations period, and thus, the days that were not tolled during his second post-conviction petition are irrelevant.

Caffey also argues that petitioner's pro se response to the State's motion to dismiss raised a basis for consideration of his habeas petition's merits, as well. Although counsel does not explain what that basis is, reading Caffey's pro se response liberally, *see Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003), Caffey acknowledged the State's argument that his petition was time-barred. Caffey then claimed he had newly discovered evidence of his actual innocence. Accordingly, this Court will also address whether Caffey's claim of actual innocence provides a gateway allowing this court to reach the merits of Caffey's time-barred habeas petition. *See Wyzkowski v. Department of Corrections*, 226 F.3d 1213, 1217-18 (11th Cir. 2000) (questioning whether § 2244(d) unconstitutionally suspends habeas relief where petitioner shows actual innocence).

## A. STATUTORILY BASED LIMITATIONS PERIOD

Under § 2244(d)(1)(D), time begins to run when the petitioner knows or through due diligence could discover the important facts supporting his habeas claim. *See Owen*, 235 F.3d at 359. Here, Caffey claims that he did not have possession of the factual predicate of his actual innocence claim until July 29, 1998. This factual predicate is the affidavit of Keith McGee, one of the victims of the crimes underlying Caffey's convictions. McGee's affidavit avers that Caffey did not shoot McGee or any of the other victims of the crimes.

---

jurisprudence, a claim of newly discovered evidence of actual innocence is cognizable as a matter of due process).

4

Caffey brought an actual innocence claim based on this same newly discovered evidence in his third Illinois post-conviction petition, which the Illinois Circuit Court summarily dismissed as frivolous and without merit. On appeal, the Illinois Appellate Court reviewed McGee's affidavit and rejected Caffey's actual innocence claim because the information in the affidavit was previously available to Caffey. *See People v. Caffey*, No. 1-98-3940, slip op. at 3-6 (Ill. App. Ct. 1998). The appellate court noted that McGee submitted his affidavit approximately eight years after the crimes were committed, yet McGee was a victim of the shooting, named in the indictment, and interviewed in the hospital. *See id.* at 5. Based on these facts, the Illinois Appellate Court concluded that the information in McGee's affidavit was available to Caffey prior to his third post-conviction petition. *See id.* at 6-7.

Based on the Illinois courts' factual findings, which this Court presumes are correct unless rebutted by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), this Court concludes that Caffey had access to the information in McGee's affidavit prior to July 29, 1998, and thus, did not exercise due diligence in discovering these facts as required under § 2244(d)(1)(D). Caffey's argument that he did not "possess" the factual predicate until July 1998 misinterprets the statute's language. The clock starts running when the petitioner has actual or putative knowledge of the factual predicate, not the evidence itself. *See Owen*, 235 F.3d at 359; *see also Tate v. Pierson*, 177 F.Supp.2d 792, 800 (N.D. Ill. 2001)("accrual does not await the collection of evidence supporting the facts, including possible supporting affidavits"). Therefore, Caffey's habeas petition is time-barred under § 2244(d)(1).

### B. ACTUAL INNOCENCE AND TIME-BARRED CLAIMS

Petitioners who claim actual innocence must have an independent constitutional violation

5

occurring in the underlying state proceeding for the claim to be cognizable on habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400, 404 (1993). A claim of actual innocence or the "fundamental miscarriage of justice exception," however, can provide a gateway for federal habeas courts to review procedurally defaulted claims. *See Herrera*, 506 U.S. at 400; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Along this line of reasoning, some courts have contemplated whether a claim of actual innocence is an exception to the AEDPA's statute of limitations as set forth in § 2244(d)(1). *See, e.g., Wyzkowski*, 226 F.3d at 1217-19.

In *Wyzkowski*, the Eleventh Circuit examined a habeas corpus petition where the petitioner alleged actual innocence in the context of a time-barred habeas petition. *See id.* at 1218. The court concluded that this claim raised possible constitutional ramifications under the Suspension Clause due to the inherent injustice that results from the conviction of an innocent person. *See id.* Ultimately, the court remanded the matter back to district court to determine whether the petitioner made a showing of actual innocence in the first instance and for further analysis of the Suspension Clause issue. *Id.* at 1219.

The issue of whether actual innocence is a possible exception to the AEDPA's statute of limitations has been addressed in the Northern District of Illinois, as well. *See Castro v. Schomig*, No. 00-5015, 2001 WL 864266, at *3 (N.D. Ill. July 31, 2001); *Thomas v. Wellborn*, No. 00-2601, 2000 WL 1831548, at *3 (N.D. Ill. Dec. 13, 2000). In *Thomas*, the court assumed that such an exception existed, but concluded that the petitioner had not established his actual innocence in the first instance. *See Thomas*, 2000 WL 1831548 at *3. The court raised the concern that "[t]o close the gateway of the miscarriage of justice exception to petitioners who fail to timely file their petitions under § 2244(d) would raise serious constitutional questions." *Id.*

6

(citations and quotations omitted). The court further reasoned, "it would create the possibility that an innocent person would remain incarcerated due to a constitutional violation, simply because he failed to overcome a procedural hurdle." *Id.* Other federal courts have recognized the possibility that an actual innocence exception may apply to habeas petitions that are time-barred. *See, e.g., Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997).

Although the State did not develop a legal argument as to the possibility of an actual innocence exception under these circumstances, the State did argue that any such exception would not apply because Caffey did not establish his actual innocence. Indeed, it appears that establishing actual innocence is the starting point in overcoming a time-barred petition. *See, e.g., Wyzkowski*, 226 F.3d at 1219; *Lucidore*, 209 F.3d at 113-14; *Miller*, 141 F.3d at 978.

Caffey, through counsel, did not address this issue, but instead argues that the State should not have addressed the merits of the petition. Therefore, the Court is left with an unsubstantiated claim of actual innocence that is neither cognizable on habeas review nor, in this instance, works as a gateway to reaching the merits of Caffey's other claims in his time-barred habeas petition.

Accordingly, Caffey has failed to establish that the Court erred as to law or fact or that he has newly discovered material evidence. *See Bordelon*, 233 F.3d at 529. A meritorious motion to reconsider is rare and under Caffey's circumstances should not be granted. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## III. CONCLUSION

Caffey's Motion to Reconsider the Court's February 11, 2003, order dismissing his habeas petition with prejudice is denied.   [R. 22-1].

**DATED:** May 15, 2003            **ENTERED:**

_____
AMY J. ST. EVE
United States District Court Judge

8