IN THE

UNITED STATES COURT OF APPEALS

For the Seventh Circuit

DOCKETED
JUN 1 3 2003

FILED
JUN 1 2 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ALLEN NEELY CAFFEY, )
            Petitioner-Appellant, )
                                )
                                )
            v.                  )
                                )
KENNETH R. BRILEY, Warden       )
DONALD N. SNYDER, Jr., Director )
of the Illinois Department of   )
Corrections,                    )
            Respondent-Appellee. )

An appeal from the United States
District Court, No. 01 C 9268
For the Northern District of
Illinois, Eastern Division

The Honorable Amy J. St.Eve

Petition for Issuance of Certificate of Appealability from
United States District Court denial of Writ of Habeas Corpus

Now comes Petitioner ALLEN NEELY CAFFEY, himself, pro se,
and respectfully moves for Issuance of Certificate of Appealability
from the United States District Courts denial of his Writ of Habeas
Corpus. In this case petitioner makes a clear demonstration of
his actual innocence by presenting an affidavit from Mr. McGee, a
witness/victim of the October 9, 1990 crimes that petitioner-appellant
Caffey is currently incarcerated for. In the affidavit Mr.McGee
clearly avers that Caffey is not the person who shot him nor is
Caffey the person who shot and killed his friends and that he did not
see Caffey present at the crime scene; the wrong person has been
convicted. The United States District Court has erroneously denied
Caffey habeas relief on his claim of actual innocence, therefore,
denying him the full panoply of the due process protections

31

afforded by the constitution. The United States District Court Judge, Amy J.St Eve, first granted the respondents motion to dismiss Caffeys' actual innocence claim as time-barred, and subsequently denied the motion for reconsideration that counsel for caffey filed in an attempt to reverse judge St.Eve previous erroneous order granting the respondents motion to dismiss as time-barred and denying Caffey habeas relief, thus creating a " miscarriage of justice ". In support whereof Caffey states as follows:

1. Petitioner filed a pro se petition for habeas corpus relief on November 27, 2001. ( Respondents motion to dismiss, para.20.)

2. Respondents moved to dismiss the cause as untimely under the AEDPA, 28 U.S.C.§ 2244(d), which imposed a one year limitations period on state and federal prisoners.

3. On or about April 1, 2002, the petitioner filed a pro se " answer" to the motion to dismiss, contending that evidence of his "actual innocence" did not come into his possession until July 29, 1998, and that discovery was the basis for his concededly properly filed state post conviction petition on August 12, 1998. Without expressly so stating, Petitioner claimed the protection of § 2244 (d) (1)(D), "The limitation period shall run from the latest of -"the date on which the factual predicate of the claim or claims persented could have been discovered through the exercise of due diligence" and therefore that the one-year limitation period for his petition did not begin to run until that date, and that the respondents motion to dismiss his actual innocence claim based upon timeliness must fail.

4. On or about July 18, 2002, counsel was appointed by the

Honorable John W. Darrah to represent petitioner in the above matter.

5. On August 8, 2002, counsel appeared for the first time before Judge John Darrah for status. At that time, the court indicated that he preliminarily wished a response to the respondents' motion to dismiss by October 8, 2002, and not leave to file an amended petition, recognizing both that the paperwork underlying petitioner's claims would have to be obtained and reviewed for both substantive and procedural reasons.

6. Shortly after August 30,2002, counsel for petitioner received a minute order indicating that the case had been reassigned to Judge St. Eve.

7. Shortly after September 5, 2002, counsel for petitioner received a minute order cancelling the status set before Judge Darrah on October 8, 2002.

8. On February 11, 2003, without setting a status date in the matter or without requiring appearance  of petitioners' counsel, Judge St. Eve considered the case and granted the respondents motion to dismiss Caffeys' petition for habeas corpus relief and actual innocence claim with prejudice and as time-barred.

9. Shortly after, counsel for petitioner moved for reconsideration of the Order entered February 11, 2003, under Federal Rule of Civil Procedure 59(e), and the Rules governing habeas corpus(see Browder v. Director, Dep't of Corrections, 434 U.S. 257, 269 and n.14 (1978). In the motion for reconsideration counsel for petitioner essentially argued that it was in error for the court to grant respondents motion to dismiss, that Caffeys' habeas petition and actual innocence

(3)

claim had been timely filed under 28 U.S.C.§ 2244(d)(1)(D), and that caffeys' pro se response to respondents motion to dismiss alone, raises a basis for consideration of his petition's merit. Counsel for petitioner then moved for amendment of the judgement entered on February 11, 2002, and that a briefing schedule be set on the issues concerning construction of 28 U.S.C.§ 2244.(d)(1)(D).

10. On February 26, 2003, Judge St.Eve entered a minute order that the respondents are to file a response to the motion for reconsideration by or on March 12, 2003, and that petitioner file a reply by or on March 26, 2003.

11. After a extension of time, respondents filed what they termed to be a "Reply Brief" in which the respondents argued (A)that Caffey does not raise a constitutional violation sufficient to trigger the "fundamental miscarriage of justice" exception to a arguably timely-barred claim of actual innocence.The respondents goes on to argue that in order to demonstrate a fundamental miscarriage of justice, a petition must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent". See Murray v. Carrier, 447 U.S. 478, 495-96(1986). It is petitioner's duty to show "that it is more likely than not that no reasonable juror would have convicted him" absent the constitutional violation. Schlup v. Delo, 513 U.S. 298, 327 (1995).

12. At this time, petitioner currently is unaware of the argument made in his behalf where his counsel has recently informed him after the court entered it's May 15, 2003, order, that counsel had in fact answered the respondent reply brief.

13. On or about May 15, 2003, Judge St. Eve, returned a order denying petitioner motion for reconsideration.

This court is now asked to decide whether the United States District Court erroneously granted respondents motion to summarily dismiss petitioner's petition asserting a viable claim of actual innocence on grounds that the petition was time-barred, without first addressing the issue of whether the petitoner can make a showing of actual innocence. In the instant case, petitioner presented for habeas review, a claim of actual innocence and affidavit coming from the victim Keith McGee, who declares that petitioner Allen Caffey is not the person that shot him nor did Caffey shoot any of his friends, that Caffey is innocent of the Oct 9, 1990, crimes. The affidavit of Mr. McGee is sufficient enough to make a showing of actual innocence, therefore, the district court ought to have conducted an independent review of petitioner actual innocence claim as well as to deny respondents motion to dismiss.

Petitioner further ask this court to determine whether the district court errored when the district court denied petitioners' motion for reconsideration. The motion for reconsideration was filed in an attempt to set aside the district courts' erroneous order granting respondents motion to dismiss on grounds of the petition arguably being time-barred. The motion for reconsideration raised the question of whether a claim of actual innocence or the "fundamental miscarriage of justice exception," removes any bar to federal-court review that might otherwise have been available, once it has been determined that the last state court to be presented with a particular claim reached the merit. The motion for reconsideration not only moved

(5)

for amendment of the judgment entered on february 11, 2003, but also moved to have a briefing schedule set on the issues concerning construction of 28 U.S.C.§ 2244.(d)(1)(D), therefore , the district court errored when the court denied petitioner his motion for reconsideration, applying a inappropiate standard of review to a claim of actual innocence. The correct review of an actual innocence claim would be to determine whether petitioner has made a clear showing of actual innocence and to evaluate the actual innocence claim along side the trial evidence presented in the light most favorable to the state and rather any rational trier of fact would have found petitioner guilty beyond a reasonable doubt.That standard of review would be at bare minimum, the same as that required to invalidate a conviction because of insufficient evidence; a standard that provides a full panoply of protections afforded by the constitution to ensure that a person who's actually innocent is set free and not remain unconstitutionally and illegally incarcerated. Wherefore, this petitioner moves this court of the issuance of a certificate of appealability.

Allen Caffey

Subscribed and sworn to before me
this 10 day of June, 2003.

Notary Public

(6)

# SEE CASE FILE FOR EXHIBITS